UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAMION DEVON WHITAKER, | : | |
| Plaintiff, | : | Civ. No. 16-2333 (RBK) (AMD) |
| v. | : | |
| SUPERIOR COURT OF NEW JERSEY, CAMDEN COUNTY, | : | OPINION |
| Defendant. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff was previously a state inmate who is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is pursuing this case *in forma pauperis*. At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, plaintiff's claims against the sole defendant he names in this action will be dismissed with prejudice. However, plaintiff shall be given leave to file an amended complaint.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff names one defendant in this action; specifically the Superior Court of New Jersey, Camden County.[1]

---

[1] The Clerk shall be ordered to amend the caption to reflect this Court's interpretation that the complaint only names one defendant, namely the Superior Court of New Jersey, Camden County.

The precise nature of the claims plaintiff is attempting to bring are not altogether clear from the complaint. However, it appears as if plaintiff is seeking to challenge different state court criminal proceedings against him. Indeed, he claims at one point in the complaint that he was illegally sentenced to five years. He further claims that he was not given a probable cause hearing and that he was arrested in 2014 on an "illegal search and seizure." Plaintiff requests monetary damages and requests that counsel be appointed to represent him.

### III.    LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B),

2

seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV. DISCUSSION

As stated previously, plaintiff names one defendant in this Section 1983 action, namely the Superior Court of New Jersey, Camden County. However, "[t]he New Jersey Superior Court is not a 'person' capable of being sued under § 1983. *See Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Thus, the claims against it will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff shall be given leave to file an amended complaint to the extent that he can name defendants who are proper to sue under Section 1983. Plaintiff is reminded, however, that in any amended complaint that he may elect to file, he needs to state his claims with facial plausibility and specific facts as it relates to each defendant named. Merely reciting theories of law will be insufficient to state a plausible claim.

## V. REQUEST FOR THE APPOINTMENT OF COUNSEL

Plaintiff has filed a request for the appointment of counsel. (*See* Dkt. No. 1-5) Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). At a minimum, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Once that threshold of merit is crossed, a court determining whether to appoint counsel will considers the following: (1) the plaintiffs ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56,

157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the *Tabron* factors). Appointment of counsel is discretionary, and may be done at any point during the litigation, either *sua sponte* or upon motion. *See id.* at 156.

Plaintiff's request for the appointment of counsel will be denied without prejudice. As indicated above, the complaint fails to state a claim against a defendant upon which relief may be granted. Therefore, the appointment of counsel is not warranted as this time as plaintiff has not pled a potentially meritorious claim as of yet.

## VI. CONCLUSION

For the foregoing reasons, the complaint against the sole named defendant, the Superior Court of New Jersey, Camden County will be dismissed with prejudice. Plaintiff shall be given thirty days in which to file an amended complaint. Plaintiff's request for the appointment of counsel will be denied without prejudice. An appropriate order will be entered.

DATED: July 11, 2016　　　　　　　　　　　　　　s/Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge